UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:19-CR-00391-01** |
| | **3:19-CR-00392-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JAVARIS MARQUEZ TUBBS (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court are Defendant Javaris Tubbs' ("Tubbs") *pro se* Motions Under 18 U.S.C. §§ 3582(a) and (c)(1)(A)(i) to Reduce Sentence.[1] The identical Motions were filed in case numbers 3:19-cr-00391 and 3:19-cr-00392. Tubbs bases the motions on various claims, which include being sentenced above the guideline for rehabilitative purposes, that his sentence was imposed in violation of the laws of the United States, that he was deprived of substantial rights, and that he was deprived of a fair proceeding.[2]

For the following reasons, the Motions are **DENIED**.

### I.   FACTUAL AND PROCEDURAL HISTORY

On December 22, 2005, Tubbs was charged in a superseding indictment with one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); and one count of use of firearm in violation of 18 U.S.C. § 924(c)(1).[3] On or about April 14, 2005, Tubbs robbed Washington Mutual Bank located at 8725 Elk Grove Blvd., Elk Grove, California, where he stole $14,494.00.[4]

---

[1] The Motion is [Doc. No. 66] in 3:19-CR-00391 and [Doc. No. 43] in 3:19-CR-00392.
[2] [Id.]
[3] [Doc. No. 1-1, p. 5]
[4] [Doc. No. 1-2, p. 2]

1

During the robbery, Tubbs assaulted and put the lives of bank employees in jeopardy by using a handgun.[5]

Trial for the matter commenced on May 9, 2006, and the jury rendered a verdict on May 16, 2006, finding Tubbs guilty on both counts.[6] Tubbs was sentenced to a total of 192 months in prison—108 months for count one and 84 months for count two, to be served consecutively to the term imposed on count one.[7] Additionally, Tubbs was permitted 60 months of supervised release on each of counts one and two, to be served concurrently with each other.[8]

On July 19, 2019, Tubbs' supervised release began.[9] Despite being bound by standard, mandatory, and special conditions, Tubbs violated numerous terms of his supervised release.[10] To begin, Tubbs tested positive for marijuana on July 22, 2019, August 16, 2019, September 26, 2019, and October 15, 2019.[11] Because marijuana is a controlled substance under federal law, Tubbs violated mandatory condition numbers two and three in addition to standard condition number seven of his supervised release.[12]

Also, on November 18, 2019, Tubbs moved without notifying his probation officer, as required by the terms of his supervised release.[13] Considering Tubbs was not only required to report to his probation officer each Monday but also was required to inform him at least ten days prior to any change of residence, Tubbs violated standard condition numbers two and six.[14]

---

[5] [Id. at p. 3]
[6] [Id. at p. 7, 9]
[7] [Id. at p. 2]
[8] [Id. at p. 3]
[9] [Doc. No. 3]
[10] [Doc. Nos. 3, 7]
[11] [Doc. No. 3, p. 2]
[12] [Id. at p. 1]
[13] [Id. at p. 2]
[14] [Id.]

Lastly, Tubbs ceased participation in mental health counseling on November 11, 2019, and substance abuse treatment on November 18, 2019.[15] Since Tubbs was bound to both mental health and substance abuse treatment during his supervised release, he violated two special conditions thereof.[16]

On December 13, 2019, jurisdiction on this matter was transferred from the Eastern District of California to the Western District of Louisiana.[17] On December 20, 2019, the probation officer filed a Petition for Warrant or Summons for Offender Under Supervision as to the above-mentioned violations.[18]

On or about March 17, 2021, Tubbs was arrested by the Fort Bend County (Texas) Sheriff's Office for the Unlawful Carrying of a Weapon and Possession of Marijuana.[19] On or about January 17, 2023, Tubbs was arrested in Oklahoma by the U.S. Marshal Service.[20] Given these arrests, the probation officer amended the Petition for Warrant or Summons for Offender Under Supervision.[21] Because Tubbs was outside of the judicial district (in Texas and Oklahoma) without permission of the court or probation officer, he violated standard condition number one.[22] Additionally, the Texas arrest shows that Tubbs violated mandatory condition numbers two and three in addition to standard condition number seven since he was in possession of marijuana and a Glock 22, loaded with 15 rounds of 9 mm ammunition.[23]

---

[15] [Id.]
[16] [Id.]
[17] [Doc. No. 1-1, p. 18]
[18] [Doc. No. 3]
[19] [Doc. No. 7]
[20] [Id. at p. 2]
[21] [Id. at p. 1]
[22] [Id. at p. 2]
[23] [Id. at p. 1-2]

On March 1, 2023, the Court entered a Final Revocation of Supervised Release.[24] Consequently, Tubbs was sentenced to 36 months in prison for violating multiple conditions of his supervised release ordered on March 27, 2009.[25]

Tubbs, in *pro se* fashion, filed notices of appeal on March 8, 2023, March 15, 2023, and March 16, 2023.[26]

On October 26, 2023, Tubbs filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[27]

On November 20 and 22, 2023, Tubbs' appeals were dismissed pursuant to his request.[28]

On November 27, 2023, Tubbs filed a motion for summary judgment, which this court denied one day later.[29]

On February 26, 2024, the Court denied Tubbs' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[30]

On February 8, 2024, the instant Motion to Reduce Sentence Pursuant to 18 U.S.C. §§ 3582(a) and (c)(1)(A)(i) was filed.[31]

The issues are briefed, and the Court is prepared to rule.

**II.    LEGAL STANDARD**

A motion for reduction of sentence is commonly referred to a s a motion for compassionate release under the First Step Act. *United States v. Gonzales*, 850 Fed.Appx. 309 (5th Cir. 2021). "[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final

---

[24] [Doc. No. 20]
[25] [Id.]
[26] [Doc. Nos. 22, 27, 30]
[27] [Doc. No. 48]
[28] [Doc. No. 52] and [Doc. No. 29]
[29] [Doc. Nos. 54, 55].
[30] [Doc. No. 68].
[31] [Doc. No. 66].

4

judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (cleaned up). Consistent with that principle of finality, 18 U.S.C. § 3582(c) provides that a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable guideline policy statements. Under the statute as amended by the First Step Act of 2018 ("FSA"), the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

### III. ANALYSIS

Tubbs asserts that the Court erred when it sentenced Tubbs above his guideline range based upon his perceived mental health problem and need for rehabilitation.[32] Tubbs asserts that these are "extraordinary and compelling reasons" to justify a reduction in sentence.[33] The Government opposes such argument and states that even if this were a valid legal error, it is remedied by a

---

[32] [Doc. No. 66, p. 6].
[33] [Doc. No. 66, p. 1].

5

direct appeal, not a motion under 18 U.S.C. § 3582(c)(1)(A).[34] Additionally, the Government contends that any reduction in sentence does not conform with the § 3553(a) factors.[35]

### a. Procedural Requirements

Tubbs seeks a reduction of his imprisonment term under 18 U.S.C. § 3582(c)(1)(A). In order for the Court to consider such a motion, however, the defendant must "fully exhaust all administrative rights." 18 U.S.C. § 3582(c)(1)(A). Under the FSA and § 3582(c)(1)(A), the defendant must first present his request to the Bureau of Prisons ("BOP"), which permits it to evaluate the defendant's current circumstances. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). A petition for judicial relief is not warranted until the BOP denies the request or 30 days have passed after presentation of the request to the warden, whichever is earlier. *Id.*

Although Defendant attached a handwritten request addressed to the Warden at Talladega FCI for a reduction of sentence, it is not dated and does not have any indication that it was received by anyone within BOP.[36] Without a date of submission or indication of when or if it were received by the staff at Talladega FCI, the Court is unable to find that Defendant carried his burden of presenting sufficient evidence that all administrative remedies have been exhausted. Thus, these Motions are **DENIED** under procedural grounds.

### b. Claims under Section 3582(c)(1)(A)

Even if the Motions survive the procedural requirements, they cannot survive as a cognizable challenge to the sentence under a § 3582 Motion. Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The specific policy statement referencing §

---

[34] [Doc. No. 74, p. 1].
[35] [*Id.*]
[36] [Doc. No. 66 p., 13-16].

3582(c)(1)(A) is U.S.S.G. § 1B1.13, which provides that "[u]pon motion of the Director of the Bureau of Prisons**,**" a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that "extraordinary and compelling reasons warrant the reduction"; "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2) and (3). The policy statement makes no mention of any alleged legal errors that may be challenged via direct appeal. Extraordinary means "beyond or out of the common order," "remarkable," and synonymous with "singular." *United States v. Escajeda*, 58 F.4th 184, 186 (5th. Cir. 2023). The Fifth Circuit noted, "these terms explain why prisoners can seek relief under Section 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner. *Id.* (citing *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020)).

Although Defendant's Motions are styled as motions to reduce sentencing, he demands that the court "vacate his sentence" and "remand for resentencing"[37] within the original guideline range, which are arguments preserved by a direct appeal. As stated above, Defendant filed and appealed a § 2255 motion, but he did not argue that the court erred when it considered rehabilitation as a dominant factor in giving a longer sentence. In *Escajeda*, the Fifth Circuit stated that the claims were the province of direct appeal or a § 2255 motion, not a compassionate release motion. 58 F.4th at 187. To reiterate, a motion for reduction of sentence is commonly referred to as a motion for compassionate release under the First Step Act. *United States v. Gonzales*, 850 Fed.Appx. 309 (5th Cir. 2021). The Fifth Circuit concluded that "a prisoner cannot use §

---

[37] [Doc. No. 66, p. 10].

3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153." *Escajeda,* 58 F.4th at. 187.

To the extent that Defendant reargues portions of his Motion to Vacate, Set Aside or Correct[38] his sentence, the Motion is **DENIED** for the same reasons set out in the previous ruling.[39]

### c. Section 3553 factors

Factors the court shall consider when imposing a sentence are the nature and circumstances of the offense and the history and characteristics of the defendant, deterring future criminal conduct, protecting the public from further crimes, and providing the defendant with needed education or vocational training, medical care, or other treatment in an effective manner. 18 U.S.C. § 3553 (a). Defendant has not demonstrated that release or reduction is appropriate in light of the Section 3553(a) factors.

Here, the Defendant states that rehabilitation and mental illness were dominant factors in the enhancement of his sentencing term. Defendant heavily relies on *Tapia v. United States*, where the district judge noted that one factor in defendant's sentencing was to make sure she remained confined long enough to qualify for a drug rehab program. 564 U.S. 319 (2011). The Supreme Court of the United States held that Section 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation. *Id.* at 332. Defendant misplaces *Tapia* to his case and fails to illustrate any evidence that the district judge imposed a longer sentence so Defendant would qualify for a rehabilitation program.

The Government responds by offering evidence of Defendant's behavior and propensity to disobey the law and supervised release terms and conditions. First, the Defendant's criminal history began when he was thirteen years old and has continued to increase throughout his life,

---

[38] [Doc. No. 48].
[39] [Doc. No. 68].

showing his propensity to commit crimes. In this case, Defendant was convicted of two counts of Armed Bank Robbery, Aiding and Abetting in the Eastern District of California Docket 2:06CR00451-01; and another robbery and use of firearm convictions in Eastern District of California docket 2:05CR00243. Secondly, the Defendant failed four drug screens for marijuana and left the judicial district without permission. The behavior of the Defendant in this case is similar to *United States v. Huckle*, 839 F.App'x 940, 941 (5th Cir. 2021), where the court denied a compassionate release motion because the defendant had committed a serious offence, had a fairly lengthy criminal history and denial was necessary to protect the public from future crimes. This Court even mentioned that Defendant's "attempt to deceive the court with a change of name, the attempt—all the things he did, leaving the jurisdiction of the Court, and just basically not complying with anything, deserves [going over the guideline range]."[40] Nowhere did the Court mention going over the guideline range in relation to the need for rehabilitation.

The Court finds that these issues have not only been considered and rejected, but they also do not fall under any of the enumerated "extraordinary and compelling reasons" for compassionate release or reduction. Further, there is no evidence that the sentence was predominantly based on Defendant's mental health problem and need for rehabilitation. Since Defendant did not present extraordinary and compelling reasons for compassionate release, it is impossible to consider whether a reduction would be consistent with relevant policy statements. Defendant has failed to satisfy the test and therefore, does not qualify for a sentence reduction.

### IV. CONCLUSION

For the reasons stated above,

---

[40] [Doc. No. 38, p. 92].

9

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Javaris Tubbs' Motions under 18 U.S.C. §§ 3582(A) and (c)(1)(A)(i) are **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that to the extent Defendant Javaris Tubbs' reasserts portions of the Motion to Vacate under 28 U.S.C. § 2255(A), it is **DENIED** and **DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 1st day of April 2024.

Terry A. Doughty
United States District Judge